IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WADE A. PARR                                                              PLAINTIFF

v.                                CASE NO.         11-2107

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

The plaintiff filed his applications for DIB and SSI on January 20, 2009 , alleging an onset date of December 2, 2008 (T. 136), due to plaintiff's residuals of shattered right arm, injured right hand, right broken leg (T. 140). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on February 12, 2010. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 53 years of age and possessed a high school education. The Plaintiff had past relevant work ("PRW") experience as a

production supervisor and industrial maintenance worker. (T. 141).

On May 28, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's arthrodosis of his right had, status-post abulsion of his right hand, and deformity of his right elbow did not meet or equal any Appendix 1 listing. T. 11-12. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except he cannot push/pull with his right upper extremity, he cannot climb ladders, ropes or scaffolds or crawl, and he can only frequently grasp and handle with his right upper extremity. In addition, the claimant can do only occasional independent sedentary lifting with his right upper extremity and has no restrictions of his left upper extremity." T. 12.

## II.     Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.    Discussion:

    **A.  RFC Determination**

The ALJ determined that the Plaintiff had severe impairments of arthrodosis[1](sic) of his right hand, status-post avulsion of his right hand, and deformity of his right elbow. T. 11

The ALJ assessed Plaintiff's residual functional capacity as follows:

> [C]laimant has the residual functional capacity to perform light work . . . except he cannot push/pull with his right upper extremity; he cannot climb ladders, ropes or scaffolds or crawl; and he can only frequently grasp and handle with his right upper extremity. In addition, the claimant can do only occasional independent sedentary lifting with his right upper extremity, and he has no restrictions of his left upper extremity. (Tr. 12 - Finding 5).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to

---

[1] The ALJ may mean Arthrodesis. Arthrodesis is a surgical procedure that involves removing the joint and fusing the bones into one immobile unit, often using bone grafts from the person's own pelvis. Although the procedure limits movement, it can be useful for increasing stability and relieving pain in affected joints. See http://www.nlm.nih.gov/ medlineplus/ encyclopedia.html. Viewed July 10, 2012.

function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

In this case the Plaintiff had a work related injury to his right hand on March 23, 2006. (T. 193). The Plaintiff was seen and treated by Dr. Roger Bise between March 28, 2006 and August 29, 2006.  The final notation by Dr. Bise states that the hand "has healed beautifully with essentially normal range of motion.  I would give him approximately 2% disability to the hand from the skin scar. (T. 216).

The Plaintiff had a prior injury to his right elbow, forearm and hand as a result of a previous motor vehicle accident. (T. 193).  The radiology report of March 2009 showed that the Plaintiff had "marked arthrosis in the right elbow and the right hand showed prior trauma. (T. 199).  The RFC assessment performed by Dr. Davidson on April 13, 2009 found that the Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, and that he could stand and/or walk and sit for six hours in an eight hour day.  (T. 209).  Dr. Davidson found that the plaintiff's ability to push and/or pull (Id.) and that he had limitations in reaching, and handling, (T. 211). Dr. Davidson's opinion was reviewed and affirmed by Dr. Bill Payne on May 20, 2009. (T. 227).

The Plaintiff objects to the evaluation performed by Marie Pham-Russell, APN, Nurse Practitioner.  Nurse Pham-Russell had an xray performed on the Plaintiff on March 10, 2009 which she had available to her at the time of her exam. (T. 199). Nurse Pham-Russell noted that the Plaintiff had a decreased grip in his right hand (T. 201) and had range of motion limitations in his right elbows, wrist and ankles (T. 202).  Based on her examination she determined that the Plaintiff had mild-moderate limitations in carrying, lifting, and handling with his right arm/hand. (T. 203).

Social Security separates information sources into two main groups: acceptable medical sources and other sources. It then divides other sources into two groups: medical sources and non-medical sources. 20 C.F.R. §§ 404.1502, 416.902 (2007).

Acceptable medical sources include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. 20 C.F.R. § § 404.1513(a), 416.913(a) (2007). According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, id., (2) only acceptable medical sources can provide medical opinions, 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2007), and (3) only acceptable medical sources can be considered treating sources, 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2007).

Other sources: Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists. Non-medical sources include school teachers and counselors, public and private social welfare agency personnel, rehabilitation counselors, spouses, parents and other caregivers, siblings, other

relatives, friends, neighbors, clergy, and employers. 20 C.F.R. §§ 404.1513(d), 416.913(d) (2007); *Sloan v. Astrue*, 499 F. 3rd 883 C.A. 8 (Iowa), 2007.

In determining the weight afforded to "other medical evidence," an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record.*" Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir.2005) (citation omitted).

The court cannot find any error in the ALJ consideration of the nurse's evaluation, nor does it appear that her evaluation differs substantially from the consultive evaluation performed by Dr. Myers.

The ALJ noted that the Plaintiff worked for years after both his motor vehicle accident in 1979 and his work injury in 2006. (T. 124-125). Absent a showing of deterioration, working after the onset of an impairment is some evidence of an ability to work. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir.2005); *Sylvester v. Astrue* 2010 WL 1813778, 17 (W.D.Ark.) (W.D.Ark.,2010).

The ALJ also noted that the Plaintiff did not seek any medical care after he completed treatment for his work related injury in August 2006. (T. 216). In general, the failure to obtain follow-up treatment indicates that a person's condition may not be disabling or may not be as serious as alleged. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability").

The ALJ's determination of the Plaintiff's RFC is supported by the evidence.

**B. Step Four Evaluation**

The Plaintiff contends that the ALJ committed error at step four. (ECF No. 12, p.8).The

claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Further, if a decision regarding disability can be made at any step of the process, the inquiry ceases. 20 C.F.R. § 404.1520(a)(4). The ALJ in this decision concluded the evaluation at step four and did not proceed to step five. (T. 14).

The ALJ found that "The claimant is capable of performing past relevant work as a production supervisor. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity." T. 14. The ALJ went on to state that the "The vocational expert testified that the job of industrial maintenance worker, Dictionary of Occupational Titles (DOT) No. 899.261-014, is performed at the heavy level of exertion and is skilled and that the job of production supervisor, DOT No. 183.167-018 is performed at the light level of exertion and is skilled. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it *as actually performed*." T. 14.

"The relevant step in this case is step four in which the ALJ must consider whether a claimant's impairments keep him from doing past relevant work." Id. (citing 20 C.F.R. § 404.1520(e)). The ALJ will find that a claimant is not disabled if he retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy. *See Wagner v. Astrue* 499 F.3d 842, 853 (C.A.8 (Iowa),2007)

Plaintiff testified that he worked as a production supervisor from 1999 through 2004 (Tr. 25-). Plaintiff described his production supervisor job as requiring overseeing the production

process, which consisted of walking around the plant, watching things, trouble shooting problems, and checking his employees paperwork (Tr. 25-26). Plaintiff testified that, "I delegated who did what, if it was maintenance problem or a production problem . . ." (Tr.26). Plaintiff was responsible for hiring and firing, supervised 65 people in the plant, and was on call 24 hours a day (Tr. 25, 27). Plaintiff testified that in 2004, he step down from a production supervisor to a shift supervisor, where he had the same responsibilities as when he was a production supervisor, except that his responsibilities were for his 12-hour shift only (Tr. 32-33). This testimony corresponded to the description of his job duties that the Plaintiff listed in his Work History Report completed March 30, 2009.  (T. 150-151).

      In the Disability Report completed by the Plaintiff on February 18, 2009 the Plaintiff stated the he "was laid off work and no one will hire me with the medical problems I have" (T. 140). The Plaintiff has a consistent and progressive work history from 1978 until 2008 (T. 134-135).  The Plaintiff  testified that he had worked at the same company since he was 18 years old and lost his job because they shut the plant down (T. 36).  Since he had worked at the same company for so long he did get an accommodation from his employer (T. 37).  For the last couple of years as a supervisor, I was not having to use my right hand at work. I had people do it for me. (T. 45). Most people that were hired on for my previous job would have to use both their hands in the job. I got a break because I had a good lead man. I leaned on him a lot. He took care of everything for me (T. 46).

      The testimony is clear from the VE that the Plaintiff cannot perform his past relevant work as it is generally performed in the national economy (T. 53). The ALJ determined, however, that the Plaintiff could perform his past relevant work as actually performed. In this case, the ALJ

specifically noted that Plaintiff had not testified that his job required pushing and pulling, asking the vocational expert a followup question:

> So then, my followup question is you said . . . that he could not go back to his past work because there's no pushing and pulling. Is that as performed, or as generally performed, because I didn't hear any testimony about pushing and pulling in there. (Tr. 53). The vocational expert responded, "No, in my opinion, that would be as generally performed.

The Plaintiff seems to argue that the ALJ committed error because he considered the fact that the Plaintiff could perform his past relevant work when that job had been eliminated and there was no similar job within the national economy as performed.

This issue has been decided by *Barnhart v. Thomas* in 2003. Pauline Thomas worked as an elevator operator for six years until her job was eliminated in August 1995 and then she applied for DIB. The ALJ concluded, however, that Thomas was not under a "disability" because her "impairments do not prevent [her] from performing her past relevant work as an elevator operator." The ALJ rejected Thomas's argument that she was unable to do her previous work because that work no longer exists in significant numbers in the national economy. The District Court affirmed the ALJ, concluding that whether Thomas's old job exists is irrelevant under the SSA's regulations. *Thomas v. Apfel*, Civ. No. 99-2234 (Aug. 17, 2000). The Court of Appeals for the Third Circuit, sitting en banc, reversed and remanded. Because of a conflict between the Circuits [2] the Supreme Court granted certiorari. The Supreme Court revered that Third Circuit

---

[2] That holding conflicts with the decisions of four other Courts. See Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (C.A.9 1989); Garcia v. Secretary of Health and Human Services, 46 F.3d 552, 558 (C.A.6 1995); Pass v. Chater, 65 F.3d 1200, 1206-1207 (C.A.4 1995); **379 Rater v. Chater, 73 F.3d 796, 799 (C.A.8 1996).

and upheld the SSA position. *See  Barnhart v. Thomas*  540 U.S. 20, 23, 124 S.Ct. 376, 379 (U.S.,2003).

To qualify for disability benefits or supplemental security income, a claimant must be "disabled." Id., at 21. "Disabled" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

There is no question that the Plaintiff received extensive accommodation from his employer because he had worked for them from the time he was 18 years old. In order to be considered "past relevant work," "a job must have been performed within the last fifteen years, performed long enough to learn how to do it, and [constitute] substantial gainful activity." *Carreno v. Comm'r of Soc. Sec.*, 99 F. App'x 594, at *1 (6th Cir. May 7, 2004). Under 20 C.F.R. §§ 404.1573(c) and 416.973(c), when an applicant's work was performed under "special conditions," the Commission "may find that it does not show that [the claimant was] able to do substantial gainful activity," and thus could not be "past relevant work." One example of such a special condition is when the claimant was "given the opportunity to work despite impairment because of family relationship, past association with [an] employer or [an] employer's concern for [the claimant's] welfare." 20 C.F.R. § 404.1573(c)(6). *Wills v. Commissioner of Social Sec*. 2012 WL 529921, 7 (E.D.Mich.) (E.D.Mich.,2012).

There is no conceivable way that the ALJ could have considered the Plaintiff's past relevant work to be anything other than substantial gainful activity, even in spit of the accommodation afforded him by his employer.  All that is necessary is an inquiry into whether a

claimant is capable of performing his past relevant work". *Rogers v. Barnhart* 216 Fed.Appx. 345, 349, 2007 WL 412173, 4 (C.A.4 (W.Va. (C.A.4 (W.Va.),2007). In this instance it is clear that the Plaintiff was able to perform his past relevant work even with the RFC limitations the ALJ found to exist.

As the Supreme Court has noted, the Commissioner's use of step four as an administrative proxy for step five may result in "imperfect applications in particular circumstances" *Barnhart v. Thomas*, 540 U.S. 20 at 29 (2003) but it is a permissible and the ALJ committed no error in its application here.

**V.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.


Dated  this July 13, 2012.


*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE